Mathew K. Higbee, Esq. SBN 241380
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(813) 713-3013
(714) 597-6559 facsimile
Email: mhigbee@higbee.law

*Attorney for Plaintiff,*
TAMARA WILLIAMS,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS, Plaintiff, | Case No. 2:26-cv-9235 |
| v. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| LEENA OSMAN, Defendants. | **COPYRIGHT INFRINGEMENT** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff, Tamara Williams, alleges as follows:

**<u>JURISDICTION AND VENUE</u>**

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of California,

Defendant's acts of infringement were directed towards the state of California, Defendant caused injury to Plaintiff within the state of California, and Defendant has a physical presence in the state of California.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

5. Plaintiff Tamara Wareka p/k/a Tamara Williams ("Williams") is an individual and professional photographer by trade.

6. Defendant, Leena Osman ("Osman" or "Defendant") is an individual residing and conducting business in Los Angeles County, California.

7. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Defendants named in this caption.

**FACTUAL ALLEGATIONS**

***Plaintiff, Tamara Wareka p/k/a Tamara Williams***

8. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean portraiture featured on her highly popular Instagram account @tamarawilliams, which has amassed almost 600,000 followers.

9. Williams' work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Clare, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim*, and

many more. Additionally, her work has been used commercially by brands such as NARS, KKW, Fenty, and Benefit.

10. Tamara Williams' livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Tamara Williams' work deters would-be infringers from copying and profiting from her work without permission.

11. Tamara Williams is the sole author and exclusive rights holder two close-up beauty photographs which are the subject of this suit (the "Hayley Photograph" and the "Cindy Photograph," or, collectively, the "Beauty Photographs").

12. Attached hereto as Exhibit A is a true and correct copy of the Hayley Photograph.

13. Attached hereto as Exhibit B is a true and correct copy of the Cindy Photograph.

14. Tamara Williams registered the Hayley Photograph with the United States Copyright Office under Registration Number VA 2-259-542 with an Effective Date of Registration of July 13, 2021.

15. Attached hereto as Exhibit C is a true and correct copy of the Registration Certificate VA 2-259-542

16. Tamara Williams registered the Cindy Photograph with the United States Copyright Office under Registration Number VA 2-197-148 with an Effective Date of Registration of February 5, 2020.

17. Attached hereto as Exhibit D is a true and correct copy of the Registration Certificate VA 2-197-148.

***Defendant Leena Osman***

18. Osman is a licensed nurse practitioner, currently employed at a medical spa and performing aesthetic services.

19. Osman managed, operated, and controlled an Instagram account, @aestheticby_leena, where she marketed her services ("Osman Instagram Account").

20. Attached hereto as Exhibit E is a true and correct screenshot of the Osman Instagram Account.

21. As of the time of this filing, the Osman Instagram Account is inaccessible to Plaintiff.

22. On information and belief, Osman Instagram Account generate content in order to promote Defendant's products and services, attract social media followers and user traffic to Defendant's business, and generate profit and revenue for the company and its owner(s).

23. On information and belief, the Osman Instagram Account existed to promote Defendant's product and service offerings, as well as her overall business, to generate profit and revenue for Osman.

24. At all relevant times, Defendant had a direct financial interest in the activities on the Osman Instagram Account, including the activities alleged in this Complaint.

***Defendant's Unauthorized Use of the Beauty Photographs***

25. On or about September 8, 2025, Tamara Williams discovered her Hayley Photograph was copied and published on the Osman Instagram Account with added text which reads "THE TRUTH ABOUT LIP FILLER MIGRATION," and a caption which reads "Overfilled lips, unnatural shapes, what causes lip filler migration? Poor technique. Too much product all at once. Filler placed too close to the border. A skilled approach = defined, natural-looking lips. Want a subtle, gradual change? Sculptra can also help restore volume lost naturally over time. Let's talk about what works for you!" ("Hayley Infringement").

26. Attached hereto as Exhibit F are true and correct screenshots of the Hayley Infringement.

27. On or about September 8, 2025, Tamara Williams discovered her Cindy Photograph was copied and published on the Osman Instagram Account, with the caption "Overfilled? Overdone? Not happening here. Proper balance, proportion, and technique is the real goal. Natural-looking results take skill and trust me, I get it. Let's enhance, not overdo. Book a consultation today." ("Cindy Infringement").

28. Attached hereto as Exhibit G are true and correct screenshots of the Cindy Infringement.

29. The Hayley Infringement and the Cindy Infringement shall be jointly referred to as the "Infringing Posts."

30. Tamara Williams has never at any point granted Osman a license or other permission to copy, display, distribute, or otherwise use the Beauty Photographs in the Infringing Posts, on the Osman Instagram Account, or in any other way.

31. Osman copied and uploaded the Beauty Photographs to the Osman Instagram Account without Tamara Williams's consent or authorization.

32. Osman used, displayed, published, and otherwise held out to the public Williams's original and unique Beauty Photographs in order to acquire a direct financial benefit, through revenue from the sales of Osman's products and services, from the use of the Beauty Photographs.

33. On information and belief, Defendant's use of the Beauty Photographs was deliberate and willful because she knew or should have known that she did not purchase a license to use the Beauty Photographs on the Osman Instagram Account or in any other way.

34. The purpose of the use of the Beauty Photographs on the Osman Instagram Account was to provide high-quality and aesthetically pleasing content congruent with Osman's marketing goals to entice customers to purchase services and/or products from Osman.

35. The purpose of the use of the Beauty Photographs on the Osman Instagram Account was to promote Osman's product and service offerings by providing visual content in the form of a high-quality, professionally-produced photograph

36. Williams did not provide permission or authorization to Osman to use, make a copy of, or publicly display the Beauty Photographs on the Osman Instagram Account.

37. After discovering the unauthorized use of the Beauty Photographs, Williams, through her counsel, sent correspondence to Osman in an attempt to resolve this matter.

38. The parties were unable to resolve the matter.

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

39. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

40. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Beauty Photographs.

41. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Beauty Photographs in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Beauty Photographs without Plaintiff's consent or authority, by using them in the Infringing Posts.

42. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

43. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

44. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

45. Osman, including her employees, agents, contractors or others over whom she has responsibility and control, copied and uploaded the Beauty Photographs to the Osman Instagram Account without Tamara Williams' consent or authorization.

46. Osman, including her employees, agents, contractors or others over whom she has responsibility and control, willfully uploaded the Beauty Photographs onto the Osman Instagram Account because Osman knew she did not have permission to use the Beauty Photographs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Beauty Photographs by copying, displaying, and distributing them without a license or consent;
- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant pursuant to 17 U.S.C. § 504(c), whichever is larger;
- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;
- For pre-judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: August 19, 2026

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 24076924
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(813) 713-3013
(714) 597-6559 facsimile
*Counsel for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff Tamara Williams hereby demands a trial by jury in the above matter.

Dated: August 19, 2026

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200,
North Las Vegas, NV 89032
(813) 713-3013
(714) 597-6559 facsimile
*Counsel for Plaintiff*